UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARC LABELLE AND STICK SONGS, LLC, p/k/a DIRTY HONEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:21-cv-00229 ) |
| MAHLON RAY DOBBINS, a/k/a MAHLON MURDER, ANTHONY NEWSOME, AND NATHAN CRANFORD, performing as "DIRTY HONEY" | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

There are at least two musical bands named "Dirty Honey," one a rock-and-roll band formed in Los Angeles, California, the other a hard rock/soul band out of Winston-Salem, North Carolina. Marc Labelle, a member of the Los Angeles band, claims he owns the trademark to the name "Dirty Honey" that he licensed to Stick Songs, LLC. They sue Mahlon Ray Dobbins, Anthony Newsome, and Nathan Cranford–the members of the North Carolina band–for trademark infringement. Although it would be interesting to see how this battle of the band plays out, the Court lacks personal jurisdiction over the matter. Accordingly, Defendants' Motion to Dismiss (Doc. No. 23) will be granted.

"Personal jurisdiction may be found either generally or specifically." Miller v. AXA Winterthur Ins. Co., 694 F.3d 675, 678 (6th Cir. 2012) (quoting Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 549-50 (6th Cir. 2007)). A plaintiff has the burden of showing personal jurisdiction, but "that burden is 'relatively slight' where, as here, the . . . court rules without

conducting an evidentiary hearing." MAG IAS Holdings, Inc. v. Schmuckle, 854 F.3d 894, 899 (6th Cir. 2017) (citing Air Prods. 503 F.3d at 549). "To defeat dismissal in this context, [the plaintiff] need make only a prima facie showing that personal jurisdiction exists." Id.

Defendants contend that this court has neither general or specific jurisdiction. "General jurisdiction depends on continuous and systematic contact with the forum state, so that the courts may exercise jurisdiction over any claims a plaintiff may bring against the defendant." Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147,149 (6th Cir. 1997). Specific jurisdiction, on the other hand, deals with a defendant's contacts with the forum state relating to the claims at issue. AlixPartners. LLP v. Brewington, 836 F.3d 543, 549-50 (6th Cir. 2016).

In response to Defendants' Motion, "Plaintiffs agree that Defendants are not subject to general jurisdiction in Tennessee but would be in North Carolina." (Doc. 30 at 2). As for specific jurisdiction, Plaintiffs write:

> Defendants have availed themselves of the privilege of conducting business in Tennessee by attempting to cause confusion by promoting live performances here in Nashville, Tennessee that are actually performances by Plaintiffs' band, Dirty Honey. This willful conduct created a likelihood of confusion that caused specific injury to the Plaintiffs here in Nashville. If consumers believed the performance to be that of the North Carolina band, they may not support the performance or buy tickets, thereby causing injury to Plaintiffs that is felt here in Tennessee. Furthermore, this infringing activity took place after Plaintiffs' trademark was duly registered and after Defendants had abandoned any protectable use in the name "Dirty Honey."

(Id. at 1-2) (internal citation omitted). Plaintiffs also request that, if this Court finds jurisdiction lacking, the case be transferred to the Middle District of North Carolina where it could have been brought originally.

Plaintiffs argue that Defendants purposefully availed themselves of the privilege of doing business in Tennessee based upon a post in "Reverb Nation" and Defendants' link to that website

2

via their Facebook page. The Reverb Nation website indicates that Dirty Honey had a number of play dates in various cities across the country in 2019 and 2020, and was scheduled to play at the Basement East in Nashville, Tennessee on January 24, 2020. According to Plaintiffs, that tour date actually belonged to the Los Angeles band, and, by posting a link to the Reverb Nation website on its Facebook page, Defendants' band has caused confusion in this district.

Although "the operation of a website may justify specific jurisdiction," Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002), Defendants' Facebook link to Reverb Nation is insufficient to establish specific jurisdiction. The Sixth Circuit has explained:

> The "operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state ... if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." Bird, 289 F.3d at 874 (internal quotations omitted). In evaluating whether the defendant's contact with the forum state constituted purposeful availment, this and other circuits have used the "Zippo [v. Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa.1997)] sliding scale" approach, which distinguishes between interactive websites, where the defendant establishes repeated online contacts with residents of the forum state, and websites that are passive, where the defendant merely posts information on the site.... Interactive websites can subject the defendant to specific personal jurisdiction, whereas passive websites are less likely to confer such jurisdiction.

Cadle Co. v. Schlichtmann, 123 F. App'x 675, 677–78 (6th Cir. 2005).

In support of the Motion to Dismiss, Dobbins has submitted a declaration in which he states that he is a founding member of Dirty Honey (the North Carolina version), and his band has never performed in Tennessee, or advertised to perform in this state. As for the link to Reverb Nation on Dirty Honey's Facebook page, Defendants claim that the website is passive and merely posted a few links to Reverb Nation, which is not maintained by them. See Cross v. Rodgers, No. 3:16-CV-01128, 2017 WL 3237623, at *5 (M.D. Tenn. July 31, 2017) (stating that "Facebook does little more than make information available and qualifies as a passive site"); Smarter Every Day,

3

LLC v. Nunez, No. 2:15-CV-01358-RDP, 2017 WL 1247500, at *4 (N.D. Ala. Apr. 5, 2017) (noting that passive website and Facebook page that were not specifically aimed at promoting business in forum market does not show purposeful availment in forum state).

Plaintiffs have provided no evidence to dispute Defendants' assertion about their Facebook page and its link to Reverb Nation, even though they could have moved for jurisdictional discovery. See MAG IAS Holdings, Inc. v. Schmuckle, 854 F.3d 894, 899 (6th Cir. 2017) (stating that, in deciding a motion to dismiss for lack of personal jurisdiction, a district court may, among other things "permit discovery in aid of deciding the motion"); Glob. Force Ent., Inc. v. Anthem Sports & Ent. Corp., 385 F. Supp. 3d 576, 582 (M.D. Tenn. 2019) (holding that, if plaintiff wanted to challenge defendants' assertion regarding activity in Tennessee, it should have moved for jurisdictional discovery). Instead, Plaintiffs merely reference the allegations in their Complaint. However, "[i]n response to a motion to dismiss, the plaintiff may not stand on [the] pleadings, but must show the specific facts demonstrating that the court has jurisdiction." Miller, 694 F.3d at 678 (citing Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991)).

"'[P]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities.'" Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 891 (6th Cir.2002) (quotation omitted). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State,'" and "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated'

4

contacts, or of the 'unilateral activity of another party or a third person.'" Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 478 (6th Cir. 2003) (emphasis in original) (citation omitted). While Plaintiffs' burden to establish jurisdiction at this juncture may be slight, they have totally failed to show anything indicating that the North Carolina Dirty Honey band purposefully availed itself of the privilege of doing business in this state. In fact, so far as the Court can tell, the only connection with Tennessee is that counsel for both parties have offices in this district.

Plaintiffs' alternative request that the action be transferred to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404 must be denied. Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). However, that statute "operates on the premises that the plaintiff has properly exercised his venue privilege." Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir. 2002) (citation omitted). Thus, "a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir. 1993) (citing Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980)).

Accordingly, Defendants' Motion to Dismiss (Doc. No. 23) is **GRANTED** and this case is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall enter judgment and close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5

Case 3:21-cv-00229   Document 32   Filed 06/09/21   Page 5 of 5 PageID #: 234